**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**ABRAMSON LABOR GROUP LLP**
Jack J. Gindi, Esq. (SBN: 293739)
jack@abramsonlabor.com
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Telephone: (213) 493-6300

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MALKA L. FISHMAN, **Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**SUBWAY FRANCHISEE ADVERTISING FUND TRUST, LTD. d/b/a SUBWAY,**<br><br>**Defendant.** | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1. The plaintiff MALKA L. FISHMAN ("Plaintiff" or "Fishman") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant SUBWAY FRANCHISEE ADVERTISING FUND TRUST, LTD. d/b/a SUBWAY ("Defendant" or "Subway") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d) the injury to Plaintiff occurred within this judicial district.

## PARTIES

4. Fishman is, and at all times mentioned herein was, a citizen and resident of the State of California, County of Los Angeles, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is informed and believes, and thereon allege, that Subway is, and at all times mentioned herein is a citizen of the State of Connecticut and is based in Connecticut, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Upon information and belief, there are several Subway fast food restaurants located in the County of Los Angeles.

7. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, and within this judicial district.

8. Plaintiff is informed and believes, and thereon alleges, that T-Mobile USA, Inc. ("T-Mobile") is a wireless carrier providing services nationwide, including within this judicial district.

## FACTUAL ALLEGATIONS

9. On or about September 3, 2016, Subway sent a text message to Fishman's cellular telephone number ending in "3728," using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

10. This unsolicited marketing text message received read:

> This T-Mobile Tuesday, Score a free 6" Oven Roasted Chicken sub at SUBWAY, just for being w/ T-Mobile. Ltd supplies. Get app for details:

11. Additionally, the text message references the web link "t-mo.co".

12. Upon information and belief, when consumers click on the web link http://t-mo.co/ around the time of receipt of the text message, the consumers would be directed to a webpage for T-Mobile that, *inter alia*, advertises the "T-Mobile App" and "T-Mobile Tuesdays."

13. Upon information and belief, Subway sent or transmitted, or had sent or transmitted on its behalf, the same or substantially the same unsolicited

SPAM text messages *en masse* to several thousands of wireless telephone numbers nationwide, in a short period of time, in an effort to advertise for Subway restaurant.

14. Upon information and belief, the SPAM text messages were sent by Subway through its agent T-Mobile for purposes of financial gain in a mutually beneficial relationship between Subway and T-Mobile, as part of the T-Mobile Tuesdays mobile application promotion.

15. Upon information and belief, the free sandwich offer was a pretext to sell other items at Subway restaurants, such as chips, drinks and cookies.

16. The aforementioned unsolicited marketing text messages to each Plaintiff's cellular telephone using short message script ("SMS") messaging technology, assigned to or used by T-Mobile, specifically, SMS "459".

17. Upon information and belief, Subway instructed T-Mobile as to the content of the text messages and timing of the sending of the text messages.

18. Upon information and belief, T-Mobile who was acting under the direction and control of Subway for the financial benefit of Subway.

19. Upon information and belief, the equipment used to send the text messages has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Upon information and belief, the equipment also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

21. Such telephonic communication was not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

22. The telephonic communication was made to a telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for cellular telephone service, pursuant to 47 U.S.C. § 227(b)(1).

23. Defendant did not have prior express written consent to send the marketing text message to Plaintiff's cell phone.

24. The text message advertising for Subway was unwanted by Plaintiff and falls outside the scope of any consent that Plaintiff may have provided to T-Mobile to receive text message from T-Mobile concerning its wireless telephone services such as important account notifications.

25. Plaintiff had not installed the T-Mobile Tuesdays mobile application on Plaintiff's cellular telephone prior to receiving the SPAM text message.

26. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

27. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and annoyed that Defendant would send Plaintiff such marketing communication for Subway products or services using an ATDS without prior express written consent, thus invading Plaintiff's privacy.

28. Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones because they were occupied text messages, causing annoyance and lost time.

29. The SPAM text messages from Subway, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

///
///
///
///
///
///
///

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of Plaintiff and on behalf of all others similarly situated.

31. Plaintiff represents, and is a member of the class (the "Class"), consisting of:

> All persons within the United States who received any text message from Defendant or its agent/s and/or employee/s, which was substantially similar or identical to the text messages alleged in Paragraph 10 of the Complaint, to said person's cellular telephone made through the use of any automatic telephone dialing system, within the four years prior to the filing of this Complaint.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the members of the Class number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiff and the members of the Class via their cellular telephones by using an ATDS for marketing purposes, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the members of the Class previously paid, and invading the privacy of said Plaintiff and the members of the Class. Plaintiff and the members of the Class were damaged thereby.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35. The joinder of the members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through T-Mobile's records or through public notice.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members of the Class, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Subway or its agent(s) sent any marketing text messages without the prior express written express consent of the called party to members if the Class using any automatic dialing system;

   b) Whether Subway can meet its burden of showing prior express written consent;

   c) Whether Subway's conduct was knowing and/or willful;

   d) Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation; and

   e) Whether Subway and its agent(s) should be enjoined from engaging in such conduct in the future.

37. As a person that received at least one SPAM text message from Subway as part of the T-Mobile Tuesday mobile promotion, using an ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Notice may be provided to the Class members by direct mail and/or email notice, publication notice and by other reasonable means.

42. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. § 227 ET SEQ.**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET SEQ.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class members pray for judgment against Defendant as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representatives in this matter;

- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Providing such further relief as may be just and proper.

In addition, Plaintiff and the members of the Class pray for further judgment against Defendant as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seek for Plaintiff and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Costs of suit.
- Attorneys' fees pursuant to, *inter alia*, the common fund doctrine.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Costs of suit.
- Attorneys' fees pursuant to, *inter alia*, the common fund doctrine.
- Any other relief the Court may deem just and proper.

///
///

## TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 1, 2019

Respectfully submitted,
**KAZEROUNI LAW GROUP, APC**

By:     s/ JASON A. IBEY
        JASON A. IBEY
        ATTORNEY FOR PLAINTIFF

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
ATTORNEYS FOR PLAINTIFF