O

# United States District Court
# Central District of California

| | |
|---|---|
| MALKA FISHMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SUBWAY FRANCHISEE ADVERTISING FUND TRUST, LTD.,<br><br>        Defendant. | Case No. 2:19-cv-02444-ODW (ASx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS [41]** |

## I.    INTRODUCTION

Defendant Subway Franchisee Advertising Fund Trust ("Subway") moves for an order to certify an interlocutory appeal and stay proceedings under 28 U.S.C. § 1292(b). (Mot. for Interlocutory Appeal and to Stay Proceedings ("Mot.") 1, ECF No. 41.) For the reasons discussed below, the Court **DENIES** Subway's Motion for Interlocutory Appeal ("Motion") and, therefore, **DENIES** as moot Subway's Motion to Stay Proceedings.[1]

## II.    FACTUAL BACKGROUND

Plaintiff Malka Fishman initiated this putative class action against Subway for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et*

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

*seq*. (Compl., ECF No. 1.)  Fishman alleges two causes of action due to a text message promotion ("Text Message") Subway allegedly sent to her cellular phone on September 3, 2016: (1) negligent violation of the TCPA, and (2) knowing and/or willful violation of the TCPA. (Compl. ¶¶ 43–50.)  Subway moved to dismiss Fishman's Complaint for lack of personal jurisdiction and failure to state a claim. (*See* Mot. to Dismiss, ECF No. 20.)  Specifically, Subway argues that: (1) Subway did not send the Text Message, (2) Fishman failed to sufficiently allege that T-Mobile is an agent of Subway, (3) Fishman failed to sufficiently allege that Subway used an automatic telephonic dialing system to send the Text Message, and (4) the TCPA's wireless carrier exemption precludes the claim against Subway. (*See* Mot. to Dismiss.)  This Court granted in part and denied in part Subway's Motion to Dismiss. (Order Granting in Part and Denying in Part Def.'s Mot. to Dismiss ("Order"), ECF No. 37.)

Subway now moves to certify an interlocutory appeal of the portion of this Court's Order that held the TCPA's wireless carrier exemption inapplicable to the Text Message. (Mot. 1.)  Additionally, Subway moves to stay proceedings pending the decision on its appeal.

### III.  LEGAL STANDARD

Interlocutory appeal of an otherwise non-appealable order may be obtained, pursuant to 29 U.S.C. § 1292(b), "if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996); *see* 28 U.S.C. § 1292(b). District courts may certify an interlocutory appeal if [1] the order "involves a controlling question of law . . . [2] there is a substantial ground for difference of opinion, and . . . [3] an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  However, interlocutory appeals are used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

The moving party carries the burden of persuading that such "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* Finally, an "'[i]nterlocutory appeal should not function merely to provide review of difficult rulings in hard cases.'" *Falco v. Nissan N. Am., Inc.*, 108 F. Supp. 3d 889, 893 (C.D. Cal. 2015) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

## IV. DISCUSSION

The Court first considers whether Fishman satisfies the requirements for an interlocutory appeal, before turning to whether a stay of proceedings is appropriate.

### A. Controlling Question of Law

To meet the threshold for a controlling question of law, the moving party must show that resolving the issue on appeal could "materially affect the outcome of litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The question should be a "'pure question of law rather than merely [ ] an issue that might be free from a factual contest . . . something the court of appeal could decide quickly and cleanly without having to study the record.'" *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)); *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("[Section] 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.") "[A question of law is] a 'pure question of law' rather than a mixed question of law and fact or the application of law to a particular set of facts." *Haw. ex rel. Louie v. J.P. Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (quoting *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, No. 09-cv-320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010)). Examples of controlling questions include: "determination[s] of who are necessary and proper parties, whether a court to

which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *In re Cement Antirust Litig.*, 673 F.2d at 1026–27.

Subway first argues that determining whether the Text Message falls under the wireless carrier exemption is a controlling question of law because it is a "pure question of law." (Mot. 3–4.) Specifically, Subway contends that the issue is one that does not require searching extensively through the record for facts. (Mot. 3.) This is not the case. Subway seeks a determination of whether the wireless carrier exemption "applies to the [T]ext [M]essage." (Mot. 3.) However, the Court cannot resolve whether the wireless carrier exemption applies to the Text Message without first determining whether the "sender" is a wireless carrier. In determining which party is the sender, the Court must ascertain whether Subway was a principle directing T-Mobile to send the Text Message. Such inquiry would require an extensive evaluation of the record and careful application of fact to law. Furthermore, even if Subway was the undisputed sender of the Text Message, Subway itself concedes that the issue must be decided based on allegations in the Complaint, "which include the content of the [T]ext [M]essage." (Mot. 3.) As this would require an analysis of the content of the message as applied to the wireless carrier exemption, this too requires application of fact to law. In sum, Subway seeks to appeal an issue that cannot be decided without applying facts from the record to the law. Therefore, Subway's proposed appeal is not a pure question of law.

Subway further argues that the issue is a controlling question of law because a reversal of this Court's ruling "should end" litigation. (Mot. 4.) Specifically, as Fishman's remaining claims are contingent on the Text Message being prohibited by the TCPA, a ruling that the TCPA's wireless carrier exemption applies to the Text Message would preclude her from pursuing the claims. (Mot. 6.) Indeed, litigation would likely conclude if the Text Message is exempted from TCPA liability. However, this inquiry likewise first requires the Court to determine whether the wireless carrier exemption applies to Subway via an alleged principle-agent relationship between

Subway and T-Mobile. As the Court has yet to rule on this inquiry, it would be premature to determine that a reversal of this Court's ruling would be appropriate. Additionally, this inquiry departs from prior examples of fundamental controlling questions of law that could materially affect the outcome of litigation, such as determining necessary and proper parties, jurisdiction, or conflict of law issues. *See In re Cement Antirust Litig.*, 673 F.2d at 1026.

As Subway's proposed appeal requires application of fact to law, it is not a pure question of law. Nor is it consistent with what courts have suggested to be fundamental controlling questions of law. Thus, this factor weighs against certifying Subway's proposed interlocutory appeal.

## B. Substantial Ground for Differences of Opinion

"To determine if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal quotation marks omitted). "Courts traditionally [] find that a substantial ground for difference of opinion exists where [1] circuits are in dispute . . . and the court of appeals of the circuit has not spoken on the point, [2] if complicated questions arise under foreign law, or [3] if novel and difficult questions of first impression are presented." *Id*. (internal quotation marks omitted) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). Moreover, substantial ground for differences of opinion "exists where reasonable jurists might disagree on an issue's resolution." *Reese v. BP Expl. (Ala.), Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). However, the "mere presence of a disputed issue that is a question of first impression . . . is insufficient." *Couch*, 611 F.3d 634 (9th Cir. 2010) (internal quotation marks omitted). Neither is "a party's strong disagreement with the Court's ruling." *Id*. at 633.

Subway argues that there is a substantial ground for differences of opinion because this Court's ruling on the application of the wireless carrier exemption differs from the ruling in *Warciak v. Subway Rests., Inc*., a case concerning the identical

message as the Text Message at issue. No. 1:16-cv-08694, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019) *aff'd* 949 F.3d 354, 357–58 (7th Cir. 2020) ("Warciak's claims are barred by the TCPA's wireless carrier exemption."); (Mot. 5–6.) As this Court and the Seventh Circuit have come to contrary conclusions regarding the applicability of the wireless carrier exemption to the Text Message, there exists a ground on which "reasonable jurists might disagree." *See Reese*, 643 F.3d at 688. Furthermore, these conflicting holdings present a disputed issue that is a novel question of first impression for the Ninth Circuit. Thus, the Court finds that this factor weighs in favor of certifying an interlocutory appeal.

### C. Materially Advance the Ultimate Termination of Litigation

An interlocutory appeal must materially advance the ultimate termination of litigation to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *U.S. v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d. 1180, 1182 (C.D. Cal. 2004) (internal quotation marks omitted) (citing *John v. U.S.*, 247 F.3d 1032, 1051 (9th Cir. 2001) (Rymer, J., separate statement)); *see In re Cement Antitrust Litig.*, 673 F.2d at 1026. Where an interlocutory appeal could delay the resolution of a case, the appeal "does not materially advance the litigation." *Craftwood II, Inc. v. Tomy Int'l, Inc.*, No. SACV 12-1710 DOC (ANx), 2013 WL 12140946, at *5 (C.D. Cal. Nov. 15, 2013) (citing *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988). Furthermore, an interlocutory appeal may be appropriate where resolution of the issue would advance the litigation not only in the current case, but also in other pending cases. *Heaton v. Social Finance, Inc.*, No. 14-cv-05191-THE, 2016 WL 232433, at *6 (N.D. Cal. 2016) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achlle Lauro in Amministrazione Straodinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an [interlocutory] appeal will have on other cases is a factor that [circuit courts] may take into account in

deciding whether to accept an appeal that has been properly certified by the district court.")).

In discussing this factor, Subway again argues that if the wireless carrier exemption applies to the Text Message, Fishman would be unable to pursue her TCPA claims and litigation would conclude. (Mot. 6.) While it may be true that litigation would conclude if the wireless exemption applies, this again requires a determination of an inquiry on which this Court has yet to rule—the existence of a principle-agent relationship between Subway and T-Mobile. Thus, the Court does not determine that a decision would materially advance the ultimate termination of litigation. Moreover, Subway has not indicated that a decision on this issue would impact other pending cases. Thus, this factor weighs against certifying the question for interlocutory appeal.

## V. CONCLUSION

While Subway has presented evidence that the issue proposed for appeal poses a substantial ground for differences of opinion, it nonetheless has failed to show that it is a controlling issue of law or that it would materially advance the ultimate termination of litigation. Taken together, and in light of Ninth Circuit Precedent requiring that interlocutory appeal bring an "exceptional situation," the Court finds that the factors weigh against Subway's request for certification of an interlocutory appeal.

Therefore, the Court **DENIES** Subway's Motion for an order certifying interlocutory appeal. The Court likewise **DENIES** as moot Subway's Motion to stay proceedings. (ECF No. 41.)

**IT IS SO ORDERED.**

April 6, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**